IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| B.X., a minor, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 1:19-cv-017 |
| § | |
| JONATHAN HAYES[1], in his official capacity § | |
| As Interim Director of the Office of Refugee § | |
| Resettlement, et al. § | |
| § | |
| § | |
| Respondents. § | |

**JONATHAN HAYES, IN HIS OFFIAL CAPACITY AS DIRECTOR OF THE OFFICE OF REFUGEE RESETTLEMENT AND SERVANDO BARRERA, IN HIS CAPACITY AS FEDERAL FIELD SPECIALIST, OFFICE OF REFUGEE RESETTLEMENT'S ANSWER TO PETITIONER'S FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Jonathan Hayes, in his official capacity as Director of the Office of Refugee Resettlement and Servando Barrera, in his official capacity as Federal Field Specialist, Office of Refugee Resettlement (hereinafter collectively referred to as "Federal Respondents"), acting by and through the United States Attorney for the Southern District of Texas, respectfully present this Answer to Petitioner's First Amended Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (hereinafter "Petition")

## INTRODUCTION

1. The Federal Respondents admit B.X. and his father were apprehended at the border. The Federal Respondents admit that B.X.'s father was deported. The Federal Respondents admit B.X. was in the custody of the Office of Refugee Resettlement (hereinafter

---

[1] Jonathan Hayes is now the official Director of the Office of Refugee Resettlement.

Page **1** of **12**

"ORR") for nine months.  The Federal Respondents admit B.X. had no parents in the United States to care for him.  The Federal Respondents are without sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 1 of the Petition; therefore, same are denied.

2. The Federal Respondents deny the allegations in Paragraph 2 of the Petition.

3. The Federal Respondents deny the allegations in Paragraph 3 of the Petition.

4. The Federal Respondents deny the allegations in Paragraph 4 of the Petition.

## JURISDICTION AND VENUE

5. The Federal Respondents deny the allegations in Paragraph 5 of the Petition.  *See* Federal Respondents' Memorandum in Opposition to Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Federal Respondents' Motion to Dismiss Petitioner's First Amended Petition For Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Docket No. 14).

6. The Federal Respondents admit that at the time Petition was filed, B.X. was in the custody of ORR within the Brownsville Division of the Southern District of Texas.

## PARTIES

7. The Federal Respondents deny that the Baptist Child and Family Services facility is a detention center.  The Federal Respondents deny that B.X. was detained in "juvenile detention facilities".  The Federal Respondents admit the remainder of the allegations in Paragraph 7 of the Petition except that B.X. is an 8-year-old-boy (not a nine-year-old-boy) and the county is Willacy (not Willey) County, Texas.

8. The Federal Respondents admit that Jonathan Hayes is now the official Director of ORR.

9. The Federal Respondents admit that Servando Barrera is an ORR Federal Field

Specialist. The Federal Respondents deny the remainder of the allegations in Paragraph 9 of the Petition as they are characterized by Petitioner.

## FACTUAL ALLEGATIONS

    A.    The Federal Respondents deny the allegations of this heading as Petitioner was not detained in juvenile detention facilities.

    10.    The Federal Defendants deny the allegations in Paragraph 10 in the Petition as they are characterized by Petitioner.

    11.    The Federal Respondents admit that B.X. is a native of Guatemala, that B.X. was apprehended and detained by the U.S. Border Patrol close to McAllen, Texas, on or about May 18, 2018, along with his father, David Xol Cholom, for not having lawful immigration status in the United States. The Federal Respondents are without sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 11; therefore, same are denied.

    12.    The Federal Respondents are without sufficient knowledge to admit or deny the allegations in Paragraph 12; therefore, same are denied.

    13.    The Federal Respondents admit Petitioner's father was deported to Guatemala on or about May 28, 2018. The Federal Respondents deny that B.X. was forcibly separated from his father. The Federal Respondents admit B.X. was placed under their care and custody. The Federal Respondents are without sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 13; therefore, same are denied.

    14.    The Federal Respondents deny the characterization that B.X. was "incarcerated". The Federal Respondents admit the remaining allegations in Paragraph 14 of the Petition as they relate to the time Petition was filed.

    15.    The Federal Respondents are without sufficient knowledge to admit or deny the

that Petitioner's father fears that B.X.'s return to Guatemala would place B.X. at grave risk of serious harm at the hands of Guatemalan gang members; therefore, same is denied. The Federal Respondents admit the remainder of Paragraph 15 of the Petition but aver that B.X.'s father vacillated several times regarding identifying the Sewells as potential sponsors for B.X. Respondents also aver that ORR has a statutory responsibility to ensure the safety of release for all children in its care and custody.

      B.      The Federal Respondents admit the allegations in this heading and aver that ORR likewise has a statutory duty to ensure the safety of release of all children in its care and custody.

      16.      The Federal Respondents deny any characterization of its care and custody of B.X. as "incarceration." The Federal Respondents admit that ORR initially rejected the Sewells as potential sponsors for B.X. because they had no prior social relationship with either B.X. or B.X.'s family. Federal Respondents are without sufficient knowledge with respect to Plaintiff's characterization of "repeated entreaties," but aver that B.X.'s father vacillated several times regarding whether to request ORR to release B.X. to the Sewells. To the extent the allegation implies a consistent and unchanging request, and to the extent it ignores ORR's consideration of its statutory responsibility to ensure safety of children, Federal Respondents deny the allegation that B.X. made "repeated entreaties." The Federal Respondents deny the remaining allegations in Paragraph 16 of the Petition.

      17.      The Federal Respondents deny the allegations Paragraph 17 of the Petition to the extent the Petition fails to distinguish between the established responsibilities of HHS and DHS. Neither the Federal Respondents nor ORR function as law enforcement officers, and neither separated B.X. from his father. The Federal Respondents aver that the Homeland Security Act clearly states that HHS is responsible for the care and custody of UACs, not for enforcing

immigration laws, and that ORR is guided by child welfare principles in making release care and release decisions

18. The Federal Respondents admit that care and custody of Unaccompanied Minors is governed by a legal framework consisting substantially of 6 U.S.C. § 279 and 8 U.S.C. § 1232 but aver that ORR is also governed other laws including by an Interim Final Rule titled, Standards To Prevent, Detect, and Respond to Sexual Abuse and Sexual Harassment Involving Unaccompanied Children. *See* 45 C.F.R. part 411. The Federal Respondents admit that the terms of Flores Settlement Agreement is in effect today. The Federal Respondents deny the remainder of the allegations in Paragraph 18 of the Petition.

19. The Federal Respondents admit the allegations in Paragraph 19 of the Petition and aver that the *Flores* Settlement Agreement also requires ORR to "ensure" the safety of children in its care.

20. The Federal Respondents admit the allegations in Paragraph 20 of the Petition and aver that subsequent laws passed by Congress have expanded upon the child protection elements of the *Flores* Settlement Agreement.

21. The Federal Respondents are without sufficient knowledge to admit or deny whether Senator Diane Feinstein said what is alleged and or attributed to her in Paragraph 21 of the Petition; therefore, said allegations are denied. The Federal Respondents admit the remainder of the allegations in Paragraph 21, and aver that the TVPRA requires ORR to make safe and secure placements of UACs, and to conduct safety and suitability assessments before discharging a UAC to a proposed sponsor.

C. The Federal Respondents deny the allegations in this heading.

22. The Federal Respondents deny the characterization of its child welfare custody of

UACs as "incarceration." The Federal Respondents admit the remaining allegations in Paragraph 22 of the Petition.

23. The Federal Respondents admit that the Petition accurately quotes from Paragraph 14 of the *Flores* Settlement Agreement.  The Federal Respondents deny Paragraph 23 to the extent that it suggests the care and custody of UACs by ORR are governed by 8 CFR § 1236.3. Respondents admit that B.X.'s parents appear to have designated the Sewells as capable and willing to care for the minor's well-being in a manner consistent with the *Flores* Settlement Agreement at Paragraph 14(d).

24. The Federal Respondents deny the allegations in Paragraph 24 of the Petition.

25. The Federal Respondents deny the allegations in Paragraph 25 of the Petition.

26. The Federal Respondents deny the allegations in Paragraph 26 of the Petition.

27. The Federal Respondents deny the allegations in Paragraph 27 of the Petition.

28. The Federal Respondents deny the allegations in Paragraph 28 of the Petition.

29. The Federal Respondents deny the allegations in Paragraph 29 of the Petition.

D. The Federal Respondents admit that Holly and Matthew Sewell are willing sponsors.  The Federal Respondents are without sufficient knowledge to admit or deny if Holly and Matthew Sewell are competent sponsors; therefore, same is denied.

30. The Federal Respondents are without sufficient knowledge to admit or deny that the Sewells' home is "comfortable," therefore, it is denied.  The Federal Respondents admit the remaining allegations in Paragraph 30 of the Petition.

31. The Federal Respondents are without sufficient knowledge to admit or deny that Matthew Sewell has successfully raised two children into adulthood by a prior marriage, as well

as successfully helped raise a third child into adulthood as a legal guardian on behalf of a deceased friend; therefore, same are denied. The Federal Respondents admit the remainder of the allegations in Paragraph 31 of the Petition.

    32.    The Federal Respondents are without sufficient knowledge to admit or deny the allegations in Paragraph 32; therefore, same are denied.

    33.    The Federal Respondents are without sufficient knowledge to admit or deny the allegations in Paragraph 33; therefore, same are denied.

    34.    The Federal Respondents are without sufficient knowledge to admit or deny the allegations in Paragraph 34; therefore, same are denied. Respondents aver that B.X.'s parents changed their minds several times regarding designating the Sewells as sponsors for B.X.

    35.    As of the time Petition was filed, the Federal Respondents were without sufficient knowledge to admit or deny the allegations in Paragraph 35 of the Petition; therefore, same are denied.

    E.    The Federal Respondents deny the allegations in this heading.

    36.    The Federal Respondents deny the allegations in Paragraph 36 of the Petition.

    37.    The Federal Respondents deny the allegations in Paragraph 37 of the Petition.

    38.    The Federal Respondents deny the allegations in Paragraph 38 of the Petition.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### HABEAS CORPUS

    1.    The Federal Respondents incorporate their answers to prior numbered Paragraphs 1 through 38 of the Petition.

    2.    The Federal Respondents deny the allegations in Paragraph 2 in this section of the

Petition.

3. The Federal Respondents deny the allegations in Paragraph 3 in this section of the Petition.

## SECOND CLAIM FOR RELEIF
## VIOLATION OF THE FLORES SETTLEMENT AGREEMENT

4. The Federal Respondents incorporate their answers to prior numbered Paragraphs 1 through 38 of the Petition.

5. The Federal Respondents deny the allegations in Paragraph 5 in this section of the Petition and aver that the Flores Settlement Agreement at ¶ 24B describes judicial review of ORR decisions to "place" children at particular facilities in its network of care providers.

6. The Federal Respondents admit the allegations in Paragraph 6 in this section of the Petition.

7. The Federal Respondents deny the allegations in Paragraph 7 in this section of the Petition.

8. The Federal Respondents deny the allegations in Paragraph 8 in this section of the Petition.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF FIFTH AMENDMENT RIGHT TO SUBSTANTIVE DUE PROCESS

9. The Federal Respondents incorporate their answers to prior numbered Paragraphs 1 through 38 of the Petition.

10. The Federal Respondents deny the allegations in Paragraph 10 in this section of the Petition.

11. The Federal Respondents deny the allegations in Paragraph 11 in this section of

the Petition.

12.     The Federal Respondents deny the allegations in Paragraph 11 in this section of the Petition.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF FIFTH AMENDMENT RIGHT TO PROCEDURAL DUE PROCESS

13.     The Federal Respondents incorporate their answers to prior numbered Paragraphs 1 through 38 of the Petition.

14.     The Federal Respondents deny the allegations in Paragraph 14 in this section of the Petition.

15.     The Federal Respondents deny the allegations in Paragraph 15 in this section of the Petition.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF SECTOIN 235 OF THE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT, 8 U.S.C. § 1232

16.     The Federal Respondents incorporate their answers to prior numbered Paragraphs 1 through 38 of the Petition.

17.     The Federal Respondents admit the allegations in Paragraph 17 in this section of the Petition, and aver that ORR also has a non-discretionary duty to "ensure" the safety of children in its care under the *Flores* Settlement Agreement; and to "establish policies and programs to ensure that unaccompanied alien children in the United States are protected from traffickers and other persons seeking to victimize or otherwise engage such children in criminal, harmful, or exploitative activity" under the TVPRA.

18.     The Federal Respondents deny the allegations in Paragraph 18 in this section of the Petition.

19. The Federal Respondents deny the allegations in Paragraph 19 in this section of the Petition.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

20. The Federal Respondents incorporate their answers to prior numbered Paragraphs 1 through 38 of the Petition.

21. The Federal Respondents deny the allegations in Paragraph 21 in this section of the Petition.

22. The Federal Respondents deny the allegations in Paragraph 22 in this section of the Petition.

23. The Federal Respondents admit that the Petition correctly quotes from 5 U.S.C. §551(4). The Federal Respondents deny the remainder of the allegations in Paragraph 23 in this section of the Petition.

24. The Federal Respondents deny the allegations in Paragraph 24 in this section of the Petition.

25. The Federal Respondents deny the allegations in Paragraph 25 in this section of the Petition.

26. The Federal Respondents deny the allegations in Paragraph 26 in this section of the Petition.

27. The Federal Respondents deny the allegations in Paragraph 27 in this section of the Petition.

28. The Federal Respondents deny the allegations in Paragraph 28 in this section of the Petition.

## SEVENTH CLAIM FOR RELIEF
## VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT PROHIBITION ON ARBITRARY, CAPRICIOUS, AND UNLAWFUL GOVERNMENT ACTION

29. The Federal Respondents incorporate their answers to prior numbered Paragraphs 1 through 38 of the Petition.

30. The Federal Respondents deny the allegations in Paragraph 30 in this section of the Petition.

31. The Federal Respondents deny the allegations in Paragraph 31 in this section of the Petition.

32. The Federal Respondents deny the allegations in Paragraph 32 in this section of the Petition.

## PRAYER FOR RELIEF

A. The Federal Respondents deny that Petitioner is entitled to the relief requested in Paragraph A in this section of the Petition.

B. The Federal Respondents deny that Petitioner is entitled to the relief requested in Paragraph B in this section of the Petition.

C. The Federal Respondents deny that Petitioner is entitled to the relief requested in Paragraph C in this section of the Petition.

D. The Federal Respondents deny that Petitioner is entitled to the relief requested in Paragraph D in this section of the Petition.

E. The Federal Respondents deny that Petitioner is entitled to the relief requested in Paragraph E in this section of the Petition.

F. The Federal Respondents deny that Petitioner is entitled to the relief requested in Paragraph F in this section of the Petition.

G. The Federal Respondents deny that Petitioner is entitled to the relief requested in Paragraph G in this section of the Petition.

                                                Respectfully submitted,

                                                RYAN K. PATRICK
                                                UNITED STATES ATTORNEY

By:   *s/ E. Paxton Warner*
        **E. PAXTON WARNER**
        Assistant United States Attorney
        Southern District Bar No. 555957
        Texas Bar No. 24003139
        Southern District of Texas
        1701 West Business Hwy 83, Ste. 600
        McAllen, Texas 78501
        T: (956) 618-8010
        F: (956) 618-8016
        Email: *Paxton.Warner@usdoj.gov*
        Attorney in Charge for Respondents

## CERTIFICATE OF SERVICE

I, E. Paxton Warner, Assistant United States Attorney for the Southern District of Texas, hereby certify that on May 3, 2019, I electronically filed the foregoing using the ECF system which will send notification to all counsel of record.

                                                *s/ E. Paxton Warner*
                                                **E. PAXTON WARNER**
                                                Assistant United States Attorney