IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| B.X., a minor, | ) | |
|     Petitioner/Plaintiff, | ) | |
| v. | ) | |
| JONATHAN HAYES, in his official capacity as Interim Director of the Office of Refugee Resettlement, and SERVANDO BARRERA, in his official capacity as Federal Field Specialist, Office of Refugee Resettlement, | ) | CIVIL ACTION NO. 1:19-cv-00017 |
|     Respondent/Defendant. | ) | |

## DECLARATION OF JALLYN SUALOG

I, Jallyn Sualog, for my declaration pursuant to 28 U.S.C. § 1746, hereby state and depose as follows, based on my personal knowledge and information provided to me in the course of my official duties:

1. I am the Deputy Director for Children's Programs for the Office of Refugee Resettlement ("ORR"), an Office within the Administration for Children and Families ("ACF"), U.S. Department of Health and Human Services ("HHS").

2. I submit this declaration to supplement my previous Declaration filed on March 22, 2019. *See* ECF No. 14-2.

3. In March, I described ORR's policy requiring a pre-existing social relationship between unrelated potential sponsors for UACs, and either the UAC or the UAC's family. The Court has referred to this policy as the "Pre-Existing Relationship Requirement." ECF No. 24, at page 7. The policy can be found online in the ORR Policy Guide ("ORR Guide"), at section

1



2.2.4, available at https://www.acf.hhs.gov/orr/resource/children-entering-the-united-states-unaccompanied-section-2#2.2.4.

4.      I would like to supplement my March declaration by providing more historical context concerning the Pre-Existing Relationship Requirement. The Pre-Existing Relationship Requirement has been ORR policy for many years, including my entire time with ORR. As I stated in March, the policy both encourages genuine sponsorship and promotes safe releases. Given these purposes, the lack of an existing relationship is a serious negative factor in the release decision-making process. However, historically, the policy has not been an absolute bar preventing unrelated individuals who have no prior relationship with a UAC or UAC's family from applying to be a sponsor. In fact, for years ORR has allowed care providers to consider releasing UACs to unrelated adults without a prior relationship with the child in special circumstances. Such potential sponsors may be recommended by a parent, another family member or a friend of the child's family. In these cases, ORR thoroughly evaluates the potential sponsor's family reunification packet, and assesses whether release of a UAC to such an individual would be more beneficial to the child than alternatives such as remaining in a shelter or placement in another care setting such as ORR's long-term foster care program. Further, in these cases, ORR instructs care provider case managers to coordinate regular phone contact between the UAC and the potential sponsor prior to the UAC's release; encourage visits between the UAC and the potential sponsor prior to release; and encourage sharing of photographs and letters between the UAC and the potential sponsor prior to the UAC's release.

5.      The Pre-Existing Relationship Requirement was published in the ORR Guide in January 2015. At that time, ORR intended to continue its longstanding stance disfavoring releases of UACs to unrelated individuals lacking an existing relationship with either the UAC or

the UAC's family when better alternatives are available, without categorically proscribing consideration of such individuals as potential sponsors.

6. The ORR Director has now requested his staff to draft new language to replace the relevant language, to bring it into conformity with past policy and practice. If the Director approves the new language, it will be published to the ORR Guide, and ORR will immediately communicate the update to its field staff and care provider staff.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 3, 2019.

*[signature]*

Jallyn Sualog, ORR Deputy Director